96 F.3d 1449
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor VALLEJO, Defendant-Appellant.
 No. 95-2403.
 United States Court of Appeals, Sixth Circuit.
 Sept. 4, 1996.
 
 Before: LIVELY, SILER and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Victor Vallejo appeals from his sentence following a guilty plea to two drug charges. He pled guilty to conspiring to possess and distribute at least 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a) and 846, and conspiracy to launder in excess of $250,000 in violation of 18 U.S.C. §§ 1956(a)(1)(A) and 1956(h). The district court sentenced Vallejo to concurrent terms of 121 months' incarceration and an aggregate five-year term of supervised release. The parties waived oral argument and the appeal was submitted on the briefs.
 
 
 2
 The defendant makes a single argument on appeal. He contends that he should have been sentenced only for the marijuana conspiracy because he was not part of the conspiracy to possess and transfer cocaine and "crank" (methamphetamine). If he had been sentenced solely for the marijuana conspiracy, his base offense level would have been 30. Taking into account the cocaine and crank that Vallejo admitted receiving, however, the district court found that a base offense level of 34 applied. After adjustments, his final total offense level was 31, resulting in a guideline range of 121 to 151 months. As noted, the district court sentenced Vallejo to the lowest term within that range.
 
 
 3
 Vallejo contends that the possession and transfer of cocaine and crank were not reasonably foreseeable by him as a furtherance of the conspiracy to possess and distribute marijuana, of which he concedes he was a member. We held in United States v. Moss, 9 F.3d 543, 552 (6th Cir.1993) that "a defendant may be sentenced based upon quantities of drugs attributable to other members of a conspiracy, provided the district court finds that those quantities were known to defendant or were reasonably foreseeable to him." (citation omitted). The problem with Vallejo's argument is that he was not sentenced based upon quantities of drugs attributable to other members of the conspiracy. Rather, the district court sentenced him for non-marijuana offenses on the basis of two transactions, one involving cocaine and the other involving crank in which he admits receiving the drugs. He seeks to rely on the fact that he had no prior knowledge that these drugs would be included in the shipments in question.
 
 
 4
 Vallejo's argument is without merit. The foreseeability test applies only when the government seeks to sentence for relevant conduct based on acts of other members of the conspiracy. In this case the district court sentenced Vallejo only for his own admitted receipt and possession of illegal drugs.
 
 
 5
 The judgment of the district court is AFFIRMED.